The Lands in Question were granted to Behethland Gilson by Pat. Sep’r 27. 1667. And again granted to Thos. Gilson Oct. 20. 1670. as lapsed from Behethland She at the time of the Grant to her was but a Year old Died in Oct. 1693. being then the Widow of one Stork And by her Will devised the Premises to her Daughter Eliz. whose Heir apparent the Deft, is Eliz. was born in 1687. married in 1702. to the Defts. father who died in 1728 the Land was first seated for Behethland in 1692. according to the Law then & no Seating before The Deft, has Behethlands Right & is 33 Years old In May 1705. Augustine Smith obtained a Grant of the aforesaid Lands as lapsed from T. Gilson and the Lessor of the Pit. has his Title Smith seated it according to the Condition of his Grant But except the seating by Behethland & that by Smith no Person has ever lived upon the Land till the Deft, ent’red in 1729 & settled a Plantation Only one Daniel after 1710 by Permission of the Lessor tended part of the Land sev’l Years Smith & the Lessor have paid the Quitrents from the Time of the Grant to Smith & even since the Defts. Entry to this Time And whether the Lessor or the Deft, have Title to these Premises is the Question
For the clearer Understanding of this Case I shall divide what I have to say into 5 Points or Questions 1.1 shall consider whether the Infancy of Behethland the first Grantee did or could excuse the Forfeiture for the Breach of Condition in not seating within [164] three years If not then 2. Whether the 2. Grant to T. Gilson was good 3. Whether the seating in 1692. by Behethland did or could give her any Right or be taken as a Performance of the Condition either of the 1. or 2. Grant so as to make the 3. Grant to Smith void 4. If this Seating be taken as a Performance of the Condition of the 2. Grant Whether the *B175 Deft, has any Title under T. Gilson the 2 Grantee. 5. Admitting the Grant to Smith is void Whether the Possession of the Lessor . of the Pit. above 20 years before the Defts. Entry was not a Bar to that Entry and is a good Title in the Lessor
1. I take it to be very clear that the Infancy of the Grantee will not excuse the Breach of the Condition There are 2 sorts of Conditions in Law or [sic] implied in Deed or express The Breach of Conditions in Law in the Case of Infancy will sometimes cause a Forfeiture & sometimes not 1. Inst. 233. b. 380. b. 8 Rep. 4.4. b. But Infancy will never excuse a Forfeiture in Case of the Breach of a Condition in Deed As if Land be given to an Infant upon Condition or he purchase such Estate or even if an Estate upon Condition descend to him he is bound by such Condition & must take Notice of it at his Peril for if the Condition be broken during his Minority the Land is lost Bro. Condition 114. Coverture & Infancy 71. Plo. 375. Stowell 8. Rep. 44. b. Whittingham 1. Inst. 380. b. 1. Mod. 86. 300 & 2. Lev. 22. Porter a Fry a notable Case An Estate was given to a Grandaughter an Infant upon Condition she married with Consent and if she married without Consent Then Devise over She married without Consent under Age And one Point adjudged is that her Infancy would not excuse the Breach of the Condition And even Equity refused to relieve ag’t it And so in the Case of Bertie & Lord Falkland 2. Vern. 343. the like point was resolved. Lege 8. Rep. 1. Mod.
This is the Law in the Case of a Subject and it is stronger in the kings Case for these Conditions are always taken strictly & as most for the Kings Benefit
If the Act of. 11. Ann. c. 4. for saving Infants Rights in Case of Lapse should be objected I answer an Act made so long after and providing only for Cases futurely happening can never influence this Case Besides this Case is not at all within the Purview of that Act which only saves Infants Rights in Case of Lapse not where they are original Grantees or Purchasors And now I have mentioned this Act I must take Notice of it as a further Proof that Infancy will not excuse the Breach of a Condition for if it would this Act had been needless I hope then it is clear that the Infancy of Behethland the first Grantee did not excuse the Forfeiture for the Breach of Condition And it is next to be enquired
2. Whether the 2. Grant to T. Gilson be good It is the Nature *B176 of an Estate upon Condition that if the Condition be broken the [165] Grantor has a Right of Entry If he cannot enter as in some Cases he cannot he must make a Claim And in either Case of Entry or Claim the Estate determines & not before 1. Inst. 218. a. It will be objected perhaps that the King cannot enter for a Condition broken till the Breach is found by Office Pop. 26. And I agree that regularly there ought to be an Office But then I say it was never practised in this Country I mean in a strict & formal Sense for something in the Nature of it has been always used and practised at least from the Year 1662. By an Act made then c. 69. No Pat. is to be granted for Land as deserted for Want of planting within 3 Years till Proof be made before the Governor & Council & an Order from them for the patenting thereof Thus the Law stood here till the 9. Ann. c. 13. when a new Method was established for this Purpose which is too well known to need reciting The old Method as well as the new were instituted in the Room and are in the Nature of an Office. It is indeed notorious that under the old Act Lands were frequently granted upon a meer Suggestion that they were lapsed without any further Enquiry And therefore this Court upon Proof made that the Land was saved has frequently adjudged such 2 Grants to be void & with good Reason because they were founded upon a false Suggestion and the King was deceived But there can be no Pretence of that Kind in this Case because it is found in the Verdict that this Land was not seated till 1692 above 20 Years after this second Grant And at this Distance of Time it must be presumed the Grant was regularly obtained according to the Directions of the old Act since nothing appears to the contrary And in the Grant itself it is mentioned to be by Order of the General Court If then this Grant was regularly obtained there was an Enquiry in Nature of an Office according to the Course & Practice of those Times and then the King might enter as he did & granted the Lands to T. Gilson And such Grant is undoubtedly as good as any other under the same Circumstance Nor has the Validity of such Grants been ever disputed except where it has been proved that the Land was saved Here then is a Period to Behethlands Right & Title under the first Grant And the legal Estate in the Premises vested in T. Gilson How Behethland ever gained any other Right or Title will be incumbent on the Deft, to shew for my Part I cannot so much as guess at it for I cannot conceive
*B177 3. That her Seating in 1692 (w’ch is the 3 Point) could give her any Right or be taken as a Performance of the Condition of the 1. or 2. Grant which if it should would consequently make the 3. Grant to Smith void. I have before observed that if the Grant to T. Gilson was good the Legal Estate of Behethland determined when that Grant was made I cannot conceive then how a tortious Act of hers 20 Years after could regain that Estate she had forfeited so long before I call this Seating of hers in 1692. a tortious Act [166] for if the Grant to T. G. is good & his Estate continued it was a Disseisin or Trespass upon him If his Estate did not continue but was become forfeited it was an Intrusion upon the King I am really at a Loss to divine what Arguments can be made Use of to prove that such an Act can give any legal Right or Title And therefore I must be silent till I hear what they are Sure it won’t be pretended this was any Performance of the Condition of the 1. Grant to Behethland 20 Years after the Condition broken and Entry made for the Breach & thereby the Estate determined
Neither can this Seating be taken as a Performance of the Condition in the 2. Grant as I humbly conceive being so long after the Time limited in the Grant for Performance I shall admit that a Seating by one who has no Right shall enure to the Benefit of those who have Right but then I think this Seating ought to be within the Time limited Suppose we were in the Case of a Subject an Estate is granted upon a Condition to be performed within 3 Years which is not done the Grantor does not enter but suffers the Grantee to continue in Possession who many Years afterwards performs the Act required by the Condition I believe this would not be taken as a Performance of the Condition or bar the Grantor of his Entry And if not in the Case of the Subject much less in the Kings Case where Conditions are always taken strictly & as most for the Kings Benefit And the Equity will sometimes interpose to save a Forfeiture where the Design & Intention of the Grantor is fulfilled tho’ the Condition be not strictly performed That was never known in the Kings Case. Besides the Intention here was not fulfilled which was to have the Land seated & cultivated I conceive then this Seating in 1692. was no Performance of the Condition of the 2. Grant And then the Grant to Smith 1705 is a good Grant And the Lessor of the Pit. has a clear Title
4. But if this Seating can be taken as a Performance of the *B178 Condition of the 2. Grant It must next be seen if the Deft, has any Title under T. Gilson the Grantee Upon which Head I shall not need to say much because I am sure no Title at all appears either in the Deft, or Behethland Under whom alone it is the Deft, pretends to claim They were neither of them Heir to T. G. Nor was any Conveiance ever made by him of his Right So that there can be no Pretence of any legal Title under him. If they will set up an equitable Title as I don’t know what they may pretend to It will be unnecessary to give any Answer We are at Common Law and I presume the Determination will be upon the legal Title & not any imaginary equitable one if any such is pretended.
5. Admitting the Grant to Smith is not good Then it is to be [167] considered Whether the Possion of the Lessor of the Pit. above 20 Years before the Defts. Entry was not a Bar to that Entry & gives the Lessor a good Title in this Case
By the Stat. 21. Jac. c. 16. s. 1. 2. which are enacted here totidem verbis 9. Ann. c. 13. (a) Any Person having a Right of Entry must make that Entry within 20 Years after the Title descended or accrued or is barr’d from such Entry With the usual Savings to Infants Feme-coverts &c. who may enter within ten Years after the Disability removed This Act being express that the Party shall be barr’d if he does not make his Entry within 20 Years A Possession of 20 Years is compared to a Descent that totls Entry And therefore if a Man has been so long in Possession & another enters upon him & puts him to his Ejectment That Possession shall be as good a Title in him (tho’ Pit.) as if he was Deft. & still in Possion because the Defts. Entry was not lawful 2. Sal. 421. Stokes a Berry There is another Rule too that if a Man has a prior Possion & another enters upon him without Title the Priority of Possion is a good Title ag’t such an Entry Vaugh. 299. Craw a Ramsey 2. Saund. 112. The Lessor of the Pit. & those he claims under were in Possession from the Time of Smiths Grant in 1705. till the Defts. Entry in 1729. w’ch is 24 Years And this Possession is a good Title unless some Incapacity has intervened in the Deft, or those he claims under Admitting any Title does appear for him And if no such does appear Then the Priority of Possion is a good Title ag’t the Defts. Entry without any Title at all, Lege Salk. Because I would *B179 not take up Time unnecessarily I will agree that if Behethland had a good Title in her at the Time She devised to her Daughter Eliz Our 20 Years Possion will not avail because Eliz. in whose Time our whole Possion was has been under the incapacitys of Infancy & Coverture during all that Time But I hope it is clear she had no Title after the Grant to T. Gilson And then tho’ the Seating in 1692 should be taken as a Performance of the Condition of the 2. Grant & so the Grant to Smith is void Yet the Deft, having no Title under T. G. Our Priority of Possion is a good Title ag’t his Entry At least the 20 Years Possion is undoubtedly a good Title ag’t T. G. & all claiming under him there appearing no Incapacity as to them
Randolph for the Deft,
sayed the Question was whether the 2 or 3 Grant were good That where an Estate was granted upon Condition tho’ the Condition was broke the Estate continued till Entry oí the Grantor And where an Entry was necessary in the Case of a Subject an Office was so in the Case of the King Therefore that the Breach of the Condition of the first Grant must be found by Office before the Estate of the first Grantee was determined That it did not appear in this Case by any Proof that the Condition of the first Grant was broken before making of the 2. Grant nor even so much as that the Party was summoned which was certainly requisite according to natural Justice but the 2. Grant might be made without any Enquiry into the Truth or hearing the Party as Grants frequently [168] were in old Times & then it is certainly void He cited Pop. 53. to prove that an Office in the Kings Case countervailed an Entry in the Case of a Subject (Qucere of this for by Pop. 26. there must be an Entry after the Office) He compared this to the Case of Carter & Baylor tho’ there is really no Kind of Similitude between ’em. That Case which happened in [sic] was in short this Edward Hill obtained a Patent in 1683. for 2717 a. In 1693. he gave the Land to Ed. Chilton & Hannah his Wife (who was his Daughter) & their Heirs In 1698 Ed. Chilton (alone) sold to Baylor who cleared enough to save the Land according to the Law then And afterwards in 1704. obtained a new Grant of the same Land as lapsed from Hill Hannah survived her Husband Ed. Chilton & Mrs. Carter was her Heir And so if the Grant in 1704 to Baylor was not good had an undoubted Title And it was adjudged that Grant was not good the Land being saved before and tho’ it was saved by a Stranger not the Grantee or those who claimed under him it should enure to the Benefit of those who had Right
Judgm’t for the Pit. October 1735 by the Opinion of Lee, Tayloe, Robinson, Byrd, Blair & the Governor
Randolph, Custis, Digges con.
Vide Sir. J. Randolph’s Arguments Fr. Def. 18° [sic] 57.

 It is not so. See the Stat. & the Act.